IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 26, 2021
SX-2017-CV-00270
**TAMARA CHARLES
CLERK OF THE COURT**




IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| STEDROY A. HURST<br><br>Petitioner,<br>v.<br><br>WYNNIE TESTAMARK, Director of the<br>V.I. Bureau of Corrections<br><br>Respondent. | **CIVIL CASE NO. SX-17-CV-270**<br><br>PETITION FOR WRIT OF<br>HABEAS CORPUS<br><br>2021 VI Super 78U |

| | |
|---|---|
| **YOHANNA MANNING, ESQ.**<br>53A Company St., 2d Floor<br>Christiansted, VI 00820<br>*Attorney for Petitioner* | **KENNETH R. CASE, ESQ., AAG**<br>V.I. Department of Justice<br>34-38 Kronprindsens Gade<br>St. Thomas, V.I. 00802<br>*Attorney for Respondent* |

**BRADY, DOUGLAS A.,** Judge

## MEMORANDUM OPINION

On April 23, 2018, the Court issued Petitioner a Writ of Habeas Corpus. Respondent's Return was filed June 29, 2018, supplemented by Respondent's Response to the Court's Order Dated July 14, 2020 ("Supplemental Return"), filed August 6, 2020.[1] Following appointment of present counsel, the time within which Petitioner was to file his traverse was extended to May 31, 2019. No traverse was filed by Petitioner. The Court has addressed the factual background giving rise to the Petition and the procedural history herein in the April 23, 2018 Writ and the January 29, 2021 Order Setting Hearing on Habeas Corpus Relief. The evidentiary hearing was held June 16, 2021. For the reasons set forth herein, the Court will deny Petitioner's habeas corpus relief by Judgment Order entered herewith.

Following entry of Judgment and sentencing, on May 16, 2017, Petitioner Stedroy Hurst filed a *pro se* Motion and Memorandum of Law in Support for Ineffective Assistance of Counsel

---

[1] Noting that V.I. H.C.R. 2(e) requires a respondent's return to allege facts verified upon oath and that the original Return contained only representations of counsel, the July 14, 2020 Order required Respondent to supplement her Return to comply with the evidentiary standard of the Rule.

(herein "Petition") in Criminal No. SX-2014-CR-00367. By Order entered June 22, 2017, the trial judge determined that Petitioner's motion raised a claim that could only properly be presented in a collateral proceeding and directed the Clerk to open this civil action wherein Petitioner's Motion was to be deemed his Petition seeking habeas corpus relief pursuant to 5 V.I.C. § 1301, et seq.

By the Petition, Petitioner asserts that his court-appointed counsel in the criminal action advised him to reject the People's plea offer of no more than 25 years imprisonment because a better plea agreement had been personally offered to counsel by the Attorney General of the Virgin Islands, that would result in a sentence of not more than 15 years. Petitioner rejected the original plea offer and accepted the subsequent plea agreement without reference to an agreed or recommended term of years at sentencing. At sentencing, the People argued for imprisonment "for a period of 50 years with credit for time served." Petitioner's counsel asked for a sentence of 15 years with credit for time served.[2] The trial court sentenced Petitioner to a period of imprisonment of 45 years, with 909 days credited for time served.[3]

Pursuant to 5 V.I.C. § 1301, "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." The Virgin Islands Habeas Corpus Rules provide that "any person who believes that he or she is unlawfully imprisoned or detained in custody, confined under unlawful conditions, or otherwise unlawfully restrained of his or her liberty, may file a petition for a writ of habeas corpus to seek review of the legality of that imprisonment or detention." V.I. H.C.R. 2(a)(1).

When presented with a petition for writ of habeas corpus, the Superior Court must first determine whether the petition states a prima facie case for relief — that is, whether it states facts that, if true, would entitle the petitioner to discharge or other relief. V.I. H.C.R. 2(b)(1). This Court made such a determination by issuing the April 28, 2018 Writ of Habeas Corpus. Issuance of the

---

[2] Sentencing hearing transcript: SX-2014-CR-00367; April 7, 2017 ("April 7, 2017 Tr."), at 25-26;15-16.
[3] *Id.* at 30-31.

writ does not grant the ultimate relief requested but simply requires further proceedings on Petitioner's application for discharge or other relief.

"The Superior Court generally must hold an evidentiary hearing after it has concluded that a petitioner has alleged a prima facie case for relief, a writ of habeas corpus has been issued, and the respondent has filed a return..." V.I. H.C.R. 2(g)(1). At the June 16, 2021 evidentiary hearing, the Court heard the parties' proofs against and in favor of Petitioner's imprisonment for the purpose of providing a full and fair hearing and determination of the Petition as justice of the case requires. *See* V.I. H.C.R. 2(g)(4).

After considering the parties' submissions and testimonial evidence presented at the hearing, the Court concludes that habeas corpus relief will be denied. By his Petition, Petitioner alleges that "defense counsel's deficient Performance [sic] caused the Defendant to reject a favorable plea bargain, which amounted to a violation of defendant's rights [sic] to effective assistance of counsel."[4] Petitioner asserts that he is entitled to habeas relief based on his trial defense counsel's failure to properly advise him to take the People's initial plea offer that limited the prosecution to seeking a sentence of no more than 25 years incarceration. He contends that his attorney's ineffective assistance deprived him of an advantageous plea agreement and caused him to enter a plea based on "false misleading information and not of his own free will."[5]

Petitioner's hearing testimony was to the same effect. He testified that he never wanted to take a plea, and that counsel told him to reject the first plea offer because he would get him a lesser plea. His counsel pressured him into taking the second plea offer, telling him that he faced a sentence of imprisonment for life without parole if he did not take the revised plea offer. Petitioner testified that his attorney told him that he would receive a 15 year sentence with the second offer. He relied upon counsel's advice to such an extent that he did not even read the plea agreement that he signed. Petitioner testified that following the sentencing, counsel apologized to him, stated that

---

[4] Petition, at 6.
[5] *Id.* at 4.

the long sentence was "my fault" and that he would file a motion to allow the case to proceed to trial.

Petitioner also testified that he could not remember if the trial judge reviewed the executed plea agreement at the change of plea hearing and at sentencing. The transcript of the sentencing hearing reveals that the judge carefully and thoroughly questioned Petitioner, advising him that he had the right to withdraw his plea and take the matter to trial. At sentencing, Petitioner denied that anyone had "promise[d] you anything to go forward with this plea" and that it was his desire to "be sentenced under the plea agreement."[6] At the hearing, Petitioner explained that he had not been focused on what the judge was saying but was focused instead on the fact that he would get 15 years.

Respondent contests in her filings the substance of the allegations of the Petition and presented testimonial evidence at the hearing that conflicted with Petitioner's testimony. Respondent's Supplemental Return includes the Affidavit of Assistant Attorney General Joseph N. Ponteen, Esq. who stated that "Hurst was never offered a plea of less than twenty-five (25) years," that "Hurst was also aware that both sides would argue their positions as to sentencing with the judge free to impose any sentence commensurate with the admitted crime, in this case Murder in the Second Degree."[7]

Respondent's hearing evidence was consistent, contradicting Petitioner's claim that the second plea agreement contemplated a term of 15 years. Petitioner's trial co-counsel H. Hannibal O'Bryan, Esq. testified that he met with Petitioner on several occasions and did discuss Petitioner's prospects for trial of the case, such that Petitioner was fully apprised of the People's evidence against him and understood perfectly what counsel was saying. Counsel testified that when the People presented the original plea offer, Petitioner had a problem with the People recommending a sentence of 25 years. Counsel testified that he explained to Petitioner that the recommendation was only a recommendation, and that the defense could ask for a lesser sentence, and that neither

---

[6] April 7, 2017 Tr. at 8.
[7] Resp. Suppl. Return, Ponteen Affid. ¶ 15.

recommendation would bind the sentencing trial court. At Petitioner's insistence, counsel went back to the prosecutor and sought and obtained the revised agreement that eliminated any reference to a recommended term of years.

At the hearing, counsel adamantly claimed that there was no way that he would have told Petitioner that he would receive a 15 year sentence from the court. He further testified that he did not pressure Petitioner into taking any plea and would have willingly taken the case to trial, but that he did tell Petitioner the reality that he faced the prospect on conviction of a life sentence without possibility of parole. Counsel also firmly rejected the suggestion that he apologized to Petitioner after the sentence, testifying that he was never contrite with Petitioner.

Trial co-counsel Yolan Brow-Ross, Esq. was also called to testify by the Petitioner. Counsel similarly confirmed that she discussed sentencing prospects with Petitioner on more than one occasion. She testified that the second plea offer was solicited because Petitioner did not want any number of years to be included within the agreement, even though counsel advised him that, if removed, the People could ask for more than 25 years. Both attorneys told Petitioner that the inclusion of the recommended term of years in the agreement only bound the People, and that neither the defense nor the trial court were in any way constrained by the inclusion of that term.

Attorney Brow-Ross testified that she did advise Petitioner to accept the original plea offer in light of the fact that his position defending the evidence against him at trial would be difficult and that he potentially faced a life sentence. She confirmed that the People never agreed to any number of years less than the 25 years originally offered. Counsel also stated firmly that she was satisfied that Petitioner knew all of the consequences of accepting the revised plea offer – otherwise, she would not have permitted the plea to go forward.

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Ibrahim v. Gov't of Virgin Islands*, 2008 WL 901503, at *2 (V.I. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). In order to successfully raise the issue of

ineffective assistance of counsel, a defendant must prove that his counsel's performance fell below an objective standard of reasonableness and that counsel's performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome in the proceeding. *Id.* "Tactical decisions about which competent counsel might disagree do not qualify as objectively unreasonable." *Ibrahim*, 2008 WL 901503 at *2 (citing *Bell v. Cone*, 535 U.S. 685, 702 (2002)).

The evidentiary hearing was required in this case because the parties' filings revealed factual disputes material to disposition of the issues raised in the Petition. *See* V.I. H.C.R. 2(g)(1). The Court finds the evidence presented by Respondent more credible than the contrary facts presented by Petitioner. Petitioner's position that he was unaware of the consequences of his plea are further refuted by the trial court's colloquy with Petitioner at sentencing.

Because Petitioner has failed to substantiate his claims for ineffective assistance of counsel—that defense counsel advised him to reject the initial plea because the People would agree to a plea deal with a lighter sentence than originally offered—his request for habeas corpus relief will be denied. Petitioner's evidence did not support his assertions or demonstrate that defense counsel's performance fell below the objective standard of reasonableness and prejudiced Petitioner resulting in an unreliable or fundamentally unfair outcome in the proceeding.

Thus, because Petitioner has failed to demonstrate ineffective assistance of counsel, his Petition seeking habeas corpus relief on that basis is denied by Judgment Order entered herewith.

DATED: July 26, 2021.

DOUGLAS A. BRADY, JUDGE

ATTEST: TAMARA CHARLES
Clerk of The Court

By:
Clerk Supervisor

**Distribution List**
Stedroy A. Hurst
Yohanna Manning, Esq.
Kenneth R. Case, Esq., AAG
Joseph N. Ponteen, Esq., DAG
Hannibal O'Bryan, Esq., TPD
Yolan Brow-Ross, Esq., TPD

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

STEDROY A. HURST

PETITIONER,

V.

WYNNIE TESTAMARK, DIRECTOR OF
THE V.I. BUREAU OF CORRECTIONS

RESPONDENT.

CIVIL CASE NO. SX-17-CV-270

PETITION FOR WRIT OF
HABEAS CORPUS

## JUDGMENT ORDER

For the reasons set forth in the accompanying Memorandum Opinion filed herewith in this matter, it is hereby

ORDERED that the relief sought by Petitioner's Petition for Writ of Habeas Corpus is DENIED, and this case is CLOSED.

DATED: July 26, 2021.

DOUGLAS A. BRADY, JUDGE

ATTEST:
TAMARA CHARLES
Clerk of The Court

By:
Clerk-Supervisor II